**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:06-CR-5- JRG-RSP |
| | § | |
| DOYLE LEEROY GREENE | § | |

**REPORT AND RECOMMENDATION OF**
**THE UNITED STATES MAGISTRATE JUDGE**

On February 7, 2018, the undersigned held a final hearing on the Government's petition (#109) to revoke supervised release. The Government was represented by Assistant United States Attorney Nathaniel Kummerfeld. The Defendant, Doyle Leeroy Greene, was represented by Ken Hawk.

Doyle Leeroy Greene was sentenced on November 9, 2006, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas – Marshall Division, after pleading guilty to the offense of Possession with Intent to Manufacture Methamphetamine, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 31 and a criminal history category of V, was 168 to 210 months. Adrian Demond Noel was subsequently sentenced to 160 months imprisonment and 5 years supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment. On December 5, 2016, Doyle Leeroy Greene completed his period of imprisonment and began service of the supervision term. His case was reassigned to U.S. District Judge Rodney Gilstrap.

On January 9, 2018, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard:</u>  The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician.  Specifically, the Government alleges as follows:  The defendant tested positive for methamphetamine on March 6, 2017; May 15, 2017 and December 20, 2017.

2) <u>Standard:</u>  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.  Specifically, the Government alleges as follows:  The defendant associated with Robin Moore, a convicted felon, without permission from his probation officer.

The Court scheduled a revocation hearing for February 7, 2018.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to allegation #1 as set forth above.  Based on the Defendant's plea of true to the allegation, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 18 months, with no supervised release to follow such term of imprisonment.  The Defendant shall receive credit for time served.  The Court recommended service of sentence at first choice, FCI Texarkana or second choice, Forrest City, Arkansas.  Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to allegation #1, as set forth in the Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegation, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 18 months, with no supervised release to follow such term of imprisonment. The Defendant shall receive credit for time served. The Court recommended service of sentence at first choice, FCI Texarkana or second choice, Forrest City, Arkansas.

At the close of the February 7, 2018 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 7th day of February, 2018.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE